By the Court.
The twenty-first section of the act or 1838, c. 163, upon which the question arises, in the present case, has been the subject of much consideration; and though plain enough as to those cases which clearly come within it, is very difficult of construction in its application to those in which it is doubtful whether they are embraced by its provisions. The power of one partner, under this section, to affect the separate estate of his partners, as well as the property of the firm, has been brought before the court in several cases. In the case of Parker v. Phillips, 2 Cush. 175, it was held, that if one partner, after a dissolution, had authority to institute proceedings in insolvency, upon which a warrant might issue against his separate property and the property of the firm, this could only take place when both the firm and the individual partner were insolvent, and so alleged to be in *226 their petition ; but, whether one partner had the authority in question, was not decided.
In the present case, without deciding whether one partner has the power referred to,*or not, it is sufficient to say, that it is not alleged and does not appear, by the petition to the commissioner, that the partners individually were insolvent. The petition alleges merely' that the firm was insolvent, and that the petitioner desired to surrender all the property of the firm for the benefit of their creditors. The first petition did not allege, that the firm was insolvent, but only that Keith the petitioner, one of the partners, was insolvent; it did not consequently extend to the property, either separate or joint, of Dearborn, the other partner; and such was the understanding of the commissioner, who issued his warrant accordingly against the separate and joint estate of Keith only. The effect of the first proceedings was to dissolve the partnership, and throw upon the solvent partner the duty of closing up the business, at least so far as the insolvent was concerned; and if a second proceeding could now be instituted against the firm, without superseding and annulling the first, great inconvenience, leading to a confusion of rights and powers, might result. We are of opinion, for the reasons suggested, that the proceedings under the second petition must be superseded, and the property taken by the messenger, under the warrant issued thereupon, be restored.

 This case was decided before that of Thompson v. Thompson, 4 Cush. 127, in which it was held, that it is in the power of one partner, after a dissolution, to institute proceedings in insolvency, so as to affect not only his own property and the property of the firm, but also the separate estate of his partners.